UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 17-cv-60690-WPD

JUAN M. GOMEZ and RAFAEL BURGOS-
VAZQUEZ TRUSTEE OF THE REMIC TRUST,
    Plaintiffs,
v.

SHAPIRO & FISHMAN & GACHE LLP, *et al.*

    Defendants.
_____/

**DEFENDANT, SHAPIRO, FISHMAN & GACHE, LLP'S MOTION TO DISMISS WITH PREJUDICE and TO FIND PLAINTIFFS ARE VEXATIOUS LITIGANTS AND FOR ATTORNEY'S FEES**

    Defendant, Shapiro, Fishman & Gaché LLP ("SFG"), pursuant to 28 U.S.C. § 1654, Federal Rules of Civil Procedure 8, 11, 10(a), 41(b) and 12(b)(1), (2), (4), and (6), respectfully move this court to dismiss Plaintiff Juan M. Gomez' ("Plaintiff" or "Gomez")[1] complaint with prejudice (DE 1), enter an order prohibiting Plaintiffs from filing court documents, *pro se,* in the Southern District of Florida, and in any federal court related to the state court foreclosure suit, and for attorney's fees, for the reasons set forth below.

**INTRODUCTION**

    Enough is enough. Plaintiffs have yet again filed the instant case in an effort to attack a state court final judgment of foreclosure ***entered over nine years ago***. SFG Exhibits A (final judgment of foreclosure) and B (state court docket). The Complaint is improper and subject to

---

[1] Aside from the fact SFG suspects Juan M. Gomez and Rafael Burgos-Vazquez are one in the same, Mr. Burgos-Vazquez, proceeding *pro se*, is attempting to represent a trust in this action. However, under 28 U.S.C. § 1654, which allows parties to appear in pro per, but only when representing themselves alone, Mr. Burgos-Vazquez is not representing himself but a purported trust in this action and therefore should not be allowed to proceed. Moreover, the Eleventh Circuit requires that all entities must be represented by counsel in matters before this court. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985) (it is a well-settled principal of law that a corporation cannot appear pro se and must be represented by counsel).

dismissal for several reasons. While the allegations in the Complaint are formulaic, vague and difficult to decipher, Plaintiffs' purported claims are in actuality their "umpteenth" thinly-veiled attempt to collaterally attack a state court foreclosure judgment obtained by JPMorgan Chase Bank, N.A. ("Chase") more than nine years ago.  This court has repeatedly rejected Gomez' attempts to avoid the effects, in this court, of the properly entered state court foreclosure judgment for among other things, lack of jurisdiction under the *Rooker-Feldman* Doctrine.

## **HISTORY OF VEXATIOUS LITIGATION**

1. *Juan M. Gomez v. JPMorgan Chase Bank, N.A., as successor to Washington Mutual Bank*, Seventeenth Judicial Circuit of Florida, Case No. CACE-12-004759 (separate state-court action filed by Gomez on February 12, 2012, against Chase in an effort to launch an impermissible collateral attack on the Foreclosure Judgment. On February 20, 2015, less than three months after Plaintiff filed the instant action, he voluntarily dismissed the Quiet Title Action after the court in the Quiet Title Action dismissed his Third Amended Complaint.). SFG Exhibit C.

2. *Gomez v. JPMorgan Chase Bank, N.A*., Case No. 12-cv-61185-KMW (USDC SD Fla. 6/3/2012) (Gomez' unsuccessful attempt to remove the state court foreclosure suit four years after the entry of final judgment and to include his own complaint within the removal documents). *See* SFG Exhibit D.

3. *Gomez v. Fishman, Bollman et al*, Case No. 14-cv-62632-JIC (USDC SD Fla. 11/16/2014) (dismissed on April 30, 2015 for lack of jurisdiction). SFG Exhibit E.

4. *In re: Juan M. Gomez*, Case No. 14-36329-BKC-RBR, (USBKC SD Fla.) (on December 15, 2014, court dismissed chapter 13 case with prejudice with prohibition from filing a bankruptcy petition in any Bankruptcy Court in the United States of America for two (2) years.). SFG Exhibit F.

5. *JPMorgan Chase Bank National Association v. Rafael Burgos Vasquez and Juan M. Gomez*, Case No. 16-cv-62401-BB (USDC SD Fla. 10/10/2016) (another unsuccessful attempt by Gomez to remove the state court foreclosure suit). SFG Exhibit G.

6. *Juan Gomez, Mortgagor, and Dharma Foundation, Inc., as Trustee, for Dharma Land Trust ["by and through Rafael Burgos Vasquez as pro se] v. Federal Deposit Insurance Corporation, JPMorgan Chase Bank, N.A. and The Law Offices of Shapiro, Fishman & Gache, LLP*, Case No. 16-cv-81848-KAM (USDC SD Fla. 11/7/2016) (67-page complaint alleging, among other things, consumer protection act violations; dismissed on March 30, 2017) (USDC SD Fla.), SFG Exhibits H (complaint) and I (docket).

7. *In re: Juan M. Gomez*, Case No. 17-11733-BKC-JKO (USBC SD Fla. 2/13/12017) (dismissed with two-year prejudice on April 5, 2017). SFG Exhibit J.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

The Complaint consists of a jumble of incomprehensible allegations, which are nearly impossible to decipher. However, from what SFG can glean from the poorly drafted pleading, Plaintiff is attempting to invalidate the Foreclosure Judgment under the guise of FDCPA and FCCPA claims. Plaintiff essentially asserts that any communications about the Foreclosure Judgment amount – over $10 million – being due must necessarily be false and improper under the FDCPA and the FCCPA. As such, Plaintiff is, in reality, attempting to challenge the Foreclosure Judgment – something he cannot do in this action. Accordingly, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the

United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "*Rooker-Feldman* is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Severe v. Shapiro, Fishman & Gache, LLP*, No. 14-CIV-80345, 2014 WL 5341886, at *3 (S.D. Fla. Oct. 6, 2014). In assessing whether a claim is barred by this doctrine, courts engage in a two-part analysis: "first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." *Id.* (citing *Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Chipman v. US Bank, N.A.*, No. 2:10-cv-483-FtM-29SPC, 2012 WL 1093144, at *3 (M.D. Fla. April 2, 2012).

"Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments." *Blum v. Glen Garron, LLC*, No. 9:14-CV-80858, 2014 WL 5013745, at *1 (S.D. Fla. Oct. 1, 2014); *see also Severe,* 2014 WL 5341886, at *3 (dismissing FDCPA and FCCPA claims brought by borrower based on alleged improper foreclosure judgment); *Chipman*, 2012 WL 1093144, at *3 (dismissing TILA and RESPA claims brought by borrower based on alleged improper foreclosure judgment). In *Blum*, the plaintiff borrower brought suit against numerous companies who participated in a state court foreclosure action against him under the guise of claims under the FDCPA and the FCCPA. *Blum,* 2014 WL 5013745, at *1. According to the plaintiff, the judgment of foreclosure was improper. While the plaintiff sought only monetary damages, the court dismissed his claims **with prejudice** noting that if the plaintiff prevailed "it

4

would necessarily follow that the state court foreclosure was in error." *Id*. Similarly, the plaintiff borrower in *Severe* brought suit against his lender and its counsel under the FDCPA and FCCPA after his lender obtained a final judgment of foreclosure against him. The court dismissed his claims stating that the action was "essentially a broad base attack on the Circuit Court's final judgment and an attempt to re-litigate the Foreclosure Action." *Severe* 2014 WL 5341886, at *4. This is *precisely* the situation presented by the instant action.

### A.   The State Action has concluded.

As discussed above, the first step in assessing whether the *Rooker-Feldman* Doctrine applies to Plaintiff's claims is to determine whether the State Action has concluded. The Foreclosure Judgment was entered in the State Action on January 5, 2009, ***nearly nine years before Plaintiff filed the instant case***. Plaintiff has exhausted all legitimate means to attempt to vacate the Foreclosure Judgment, and the last remaining issue in the State Action is to sell the property at a foreclosure sale. *See Severe,* 2014 WL 5341886, at *3 (applying *Rooker-Feldman* Doctrine analysis and noting that state court foreclosure action had concluded where last remaining issue was to sell property at foreclosure sale). Accordingly, the State Action has concluded for purposes of the *Rooker-Feldman* Doctrine.

### B.   Plaintiff's claims are inextricably intertwined with the final Foreclosure Judgment.

The next step is to determine whether Plaintiff's claims are "inextricably intertwined" with the Foreclosure Judgment in the State Action. Plaintiff seems to allege that he believes that the amount of the Foreclosure Judgment far exceeds the outstanding balance of the loan. According to Plaintiff, any attempt to collect the full amount of the Foreclosure Judgment violates the FDCPA and FCCPA.

Just like the plaintiffs in *Blum* and *Severe*, however, Plaintiff asks this Court to revisit the

findings made in the Foreclosure Judgment in the State Action (again)—namely, the amount due and owing on the mortgage. If Plaintiff would prevail on his claims, "it would necessarily follow that the state court foreclosure was in error." *Blum,* 2014 WL 5013745, at *1. If Plaintiff wished to contest the amount due under the mortgage, he had every opportunity to do so in the State Action. He cannot now, **<u>nine years after the entry of the Foreclosure Judgment</u>** (and six years after he filed his Quiet Title Action), demand that this Court revisit the findings made in the Foreclosure Judgment. This is exactly what the *Rooker-Feldman* Doctrine is designed to prevent. Therefore, Plaintiff's claims are inextricably intertwined with the Foreclosure Judgment and, just like in *Blum* <u>and *Severe,*</u> must be dismissed - *again*. Amendment would be futile.

## II. GOMEZ' VEXATIOUS LITIGATION WARRANTS AN ORDER PRECLUDING HIM FROM FILING, PRO SE, ANY FURTHER FEDERAL SUITS RELATED TO THE STATE COURT FORECLOSURE JUDGMENT

Rule 11 sanctions are warranted when a party files a pleading that (1) "has no reasonable factual basis"; (2) "is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law"; or (3) "is filed in bad faith or for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quotation omitted); *see also* Fed. R. Civ. P. 11(b), (c). Federal courts have the inherent power and a constitutional obligation to protect their jurisdiction from conduct that interferes with their functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). Rule 11 sanctions should not go beyond what is necessary to deter the sanctioned conduct. Fed. R. Civ. P. 11(c)(4). "The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from any access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quotation omitted). Under the egregious circumstances presented here, precluding Plaintiffs from filing any further court documents in this court *pro se* is consistent with the Eleventh Circuit's precedent recognizing a

district court's authority to prevent abusive litigation. *See id.; Deutsche Bank Nat'l Trust Co. v. Story*, 429 Fed. Appx. 846, 848 (11th Cir. 2011) ("the injunction was plainly necessary to 'protect against [further] abusive and vexatious litigation' conduct and did not completely foreclose their access to the courts.").

Moreover, Federal Rule of Civil Procedure 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules. An order precluding Plaintiffs from further court filings *pro se* is warranted because of the severity of Plaintiffs' willful conduct. Plaintiffs are vexatious and abusive litigants who have unduly caused expenditure of time, money, and effort by this court and their opposing parties. A lesser sanction would be inadequate to deter Plaintiffs from such future misconduct.

Plaintiffs should also be required to pay SFG's reasonable attorney's fees incurred in preparing this motion as a sanction for their conduct. "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted). Lastly, this court should also enter an order prohibiting Plaintiffs from filing any more documents in federal court related to the state court foreclosure suit.

[THIS SPACE LEFT INTENTIONALLY BLANK]

### III. CONCLUSION

SFG respectfully requests that this court dismiss the complaint with prejudice, enter an order prohibiting Plaintiffs from filing any lawsuit in any federal court related to the state court foreclosure lawsuit, for an award of reasonable attorney's fees and costs, and for such other relief as this court deems necessary and proper.

Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
Counsel for SFG
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-287-5599 (phone)
561-287-5589 (fax)

By: /s/ Ileen J. Cantor, Esq.
Ileen J. Cantor, Esq.
Florida Bar No. 977128
icantor@logs.com
Ronald M. Gaché, Esq.
Florida Bar No. 699306
rgache@logs.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 2nd day of May, 2017 by U.S. mail to Juan Gomez, PO Box 221967, Hollywood, FL 33022 and by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

/s/     Ileen J. Cantor
ILEEN J. CANTOR