# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 17-cv-60690-WPD

JUAN M. GOMEZ and RAFAEL BURGOS'
VASQUEZ,
Plaintiff,

vs.

WASHINGTON MUTUAL BANK, JP
MORGAN CHASE BANK, N.A., DONALD S.
CHIN LOY, SHAPIRO & FISHMAN &
GACHE LLP, GRAY | ROBINSON and
LEYZA F. BLANCO

Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
### UNLAWFUL DEBT COLLECTION PRACTICES

COMES NOW Plaintiff, JUAN M. GOMEZ (herein after "Plaintiff") and sues Defendant

WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK, N.A., DONALD S. CHIN

LOY, SHAPIRO & FISHMAN & GACHE LLP, GRAY | ROBINSON and LEYZA F.

BLANCO and alleges as follows:

1.       This action is brought by an individual consumer for Defendant's violations of 15 U.S.C.

§1692, *et seq.*, known more commonly as the "Fair Debt Collection Practices Act", (hereafter

"FDCPA") and for actual and statutory damages pursuant to Florida Consumer Collection

Practices Act (FCCPA) FLA STAT §559 (Part VI).   These laws prevent, respectively, debt

collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection

practices.

2.       Plaintiff also sues for Fraud and for Florida's Professional Negligence.

3.     Plaintiff is a natural person who resides in Broward County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and Florida Statute §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of those Acts.  These laws strictly prohibit any debt collectors and creditors from engaging in abusive, deceptive and unfair collection practices.

## VENUE AND JURISDICTION

4.     Jurisdiction of the Court arises Title 15 U.S.C. §1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. §1337 and 28 U.S.C. §1331 and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367 and Declaratory relief is available pursuant to Title 28 U.S.C. §2001 and 2202.

5.     This Court has jurisdiction pursuant to Florida Statute §26.012 and the Florida Long-Arm Jurisdiction Statute.  The causes of action in this complaint arise from acts of Defendant while engaging in business in this State and Defendant maintains and office in this State.

6.     Venue is proper in this Court.

7.     **This is an action for actual and statutory damages that exceed $10,900,000.00 exclusive of attorney's fees, pre-judgment interest and costs.**

8.     **The property which is the subject of this complaint is located at 900 S Northlake Drive, Hollywood, Florida, 33019 (herein "subject property" or "the property").**

## PARTIES

9.     Plaintiff JUAN GOMEZ is a consumer pursuant to Title 15 U.S.C. §1692a(3).

10.    Defendant JP MORGAN CHASE, N.A. does business in Florida and is located at 270 Park Avenue New York NY 10017.  JP MORGAN CHASE, N.A. is a debt collector as defined

by the FDCPA, Title 15 U.S.C. §1692a(6) and Florida Statute §559.55(2) and is not exempt under Title 15 U.S.C. §1692a(6)(A).

11.     Defendant WASHINGTON MUTUAL BANK (herein also "WAMU") does business in Florida and is a debt collector as defined by the FDCPA, Title 15 U.S.C. §1692a(6) and Florida Statute §559.55(2) and is not exempt under Title 15 U.S.C. §1692a(6)(A).  This Defendant is located at 9200 Oakdale Avenue, Chatsworth, CA 91311.

12.     Defendant SHAPIRO & FISHMAN & GACHE LLP does business at 2424 North Federal Highway, Suite 360, Boca Raton, FL 33431 and is a debt collector as defined by the FDCPA, Title 15 U.S.C. §1692a(6) and not exempt under Title 15 U.S.C. §1692a(6)(A).

13.     Defendant GRAY | ROBINSON is a debt collector and does business at 333 S.E. and Avenue, Suite 3200, Miami, Florida 33133 and is a debt collector as defined by the FDCPA, Title 15 U.S.C. §1692a(6) and not exempt under Title 15 U.S.C. §1692a(6)(A).

14.     Defendant LEYZA F. BLANCO is an attorney for GRAY | ROBINSON and does business at 333 S.E. and Avenue, Suite 3200, Miami, Florida 33133 and is a debt collector as defined by the FDCPA, Title 15 U.S.C. §1692a(6) and not exempt under Title 15 U.S.C. §1692a(6)(A).

15.     At all times material hereto, Defendants are "debt collectors" as said term is defined under 15 U.S.C. § 1692a(3) and Florida Statute §559.55(2).

16.     At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. § 1692a(6) and Florida Statute §559.55(6).

17.     At all times material hereto, the alleged debt Defendants attempted to collect a consumer "debt" as defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

18.    At all times material hereto, all of the aforementioned communications made by Defendant to Plaintiff were "communications" as defined under 15 U.S.C. §1692a(2) and Florida Statute §559.55(5), and were communications made in connection with the collection of a debt. The debt for a property for personal, family and household purposes.

19.    DONALD S. CHIN LOY is an appraiser with a last known address at 18021 S.W. 91st Avenue, Village Of Palmetto Bay, FL 33157.

### RESPONDENT SUPERIOR

20.    Defendants SHAPIRO & FISHMAN & GACHE LLP and JP MORGAN CHASE, N.A. are the master under the Doctrine of Respondent Superior, in all relevance pursuant to the stated federal and state violations and therefore for responsible for the acts of their directions to servants, employees, agents, subcontractors, state actors and those under their direction and are/were enriched by the unlawful collection actions as more fully stated in the compliant.

21.    Under the Doctrine of Respondent Superior, WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP in reality actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.  These defendants were at all times acting through its agents, servants and/or employees included but not limited to employees, by direct supervision, control, manage and administrating the directions and/or orders to their co-defendants and those not named yet.

### FACTUAL ALLEGATIONS

22.    For years, mortgage brokers and lenders have been selling loan products that they knew or should have known would never be able to be repaid by the borrower and would prevent borrowers from ever actually owning their financed property.  Instead, borrowers were offered interest-only, negative amortization, and/or other subprime loan products that amounted to no

more than a short term lease until the payment became so unaffordable that the borrowers are now faced with eviction from their foreclosed property. The housing bubble of the past decade was created by predatory lending practices, such as charging excessive terms in the agreements, providing kickbacks to brokers, flipping loans,, using balloon payments to conceal the true burden of the financing, requiring unnecessary insurance and other products, steering borrowers to subprime loans when they qualify for conventional loans, and using bait and switch tactics. All were rampant within the industry without oversight or good judgment and found to be inconsistent with important national objectives, including the goals of fair access to credit, community development, and property ownership. Rather than offering a predatory loan product that was viable and long-term for the borrower and lender, brokers and lenders greedily sold whatever they could get away with, arguably the primary catalyst for what resulted in the worst economic crisis since the Great Depression.

23.     Plaintiff JUAN GOMEZ had a mortgage that was in default when  WASHINGTON MUTUAL BANK and JP MORGAN CHASE BANK, N.A began to engage in debt collection against JUAN GOMEZ.

24.     To the extent that JUAN GOMEZ paid undisclosed underwriting fees to WAMU of over $300,000.00, JUAN GOMEZ is entitled to the refund of this undisclosed fee and the Defendants should not unjustly enriched by it.

25.     Furthermore the loan was not written with the proper due diligence, nor consistent, and are illegal which violates several statutes and is in essence allowing unjust enrichment of over $300,000.00 in illegal fees.

26.     Each payoff amount provided to JUAN GOMEZ included these illegal fees in the judgment.

27.     On or about December 20, 2016, Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP attempted to remove Plaintiff JUAN GOMEZ and RAFAEL BURGOS-VAZQUEZ from the subject property in an attempt to collect on a judgement.  At all times LEYZA F. BLANCO of GRAY | ROBINSON, is an attorney and represents WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A. and SHAPIRO & FISHMAN & GACHE LLP.

28.     The sale occurred as a result of the inflated judgment which included additional fees added to the judgment against JUAN GOMEZ.

29.     The judgment was inflated in that the amount against JUAN GOMEZ was the result of illegal fees being added to the loan.

30.     WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK, N.A., were only able to receive $1,800,000.00 for the property at auction exposing JUAN GOMEZ to a deficiency on the total judgment of more than $9,100,000.00 dollars.

31.     The loan holder may improperly treat this as forgiving the debt for tax purposes and issue an IRS Form 1099-C to the borrower. The forgiven debt may be considered taxable income and can create a significant tax liability for the homeowner if not handled properly in a "discharge of indebtedness income".

32.     Plaintiff alleges that he has received one or more documents from each defendant alleging that the amounts owed were over $10,000,000.00.  In so doing, Defendants CHASE BANK, N.A., and SHAPIRO & FISHMAN & GACHE LLP. have demanded payment, offered loan modifications, offered short sale amounts which directly conflict with the payoff amounts actually owed.

33.     As such, had DONALD S. CHIN LOY not fraudulently appraised the property, and/or JUAN GOMEZ purchase of the subject property, would not have exercised their artificially low "credit bid" and obtained titled to the property at an exceedingly low amount.

34.     In addition, and unbeknownst to Plaintiff JUAN GOMEZ, WAMU illegally, and deceptively and/or unjustly, qualified Plaintiff for a loan which WAMU knew or should have known that Plaintiff could not qualify for or afford by, for example, the underwriter has approved this loan based upon credit scores and the borrower's stated income, which, as a baggage handler, would have never supported a $10,000,000.00 loan.

35.     Ignoring long-standing economic principals of underwriting and instead, knowingly, liberally, greedily and without any regard for Plaintiff's rights sold Plaintiff a deceptive loan product, charging Plaintiff JUAN GOMEZ over $300,000.00. This amount should be disgorged and refunded to JUAN GOMEZ for WAMU's wrongdoing and by adding illegal amounts and collecting on evicting Plaintiff, WAMU's assignees have engaging in deception by collecting amounts not legally allowed to be charged.  In alternative, WAMU's assignees have collected at least $300,000.00 more than they are legally allowed to collect due to the illegal fees collected and added to the JUAN GOMEZ loan.

36.     Having actual knowledge of their deception, Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have issued various payoffs" with amounts from $5,000,000.00, $7,000,000, $10,000,000 and $10,900,000.00.

37.     On September 21, 2014, RAFAEL BURGOS-VAZQUEZ the trustee for the REMIC TRUST and my personal representative began to communicate through his attorney my attorney ALBERT J. PIANTINI, with RYAN BOLLDMAN, who represented WASHINGTON

MUTUAL as a successor in state court, and asked for a payoff. RYAN BOLLDMAN stated that his client said that he would accept five million and seven hundred thousand dollars $5,700,000.00.

38.     On November 21, 2014, I instructed RAFAEL to send pictures to RYAN BOLLMAN at rbooman@wargofrench.com, which showed that the property was infected with mold.

39.     On February 18, 2017 RAFEAL and I contacted JPMORGAN CHASE and spoke with their representative, KATIA JACKSON at 1-877-496-3839 and requested a payoff quote to satisfy. KATIA stated that JUAN GOMEZ owed $10,162,489.00. She also said that a short sale or a short pay off was available to JUAN GOMEZ.

40.     RAFAEL BURGOS-VAZQUEZ and myself were then transferred to CARLOS TAMAYO at 1-800-848-9136, who verified that a short payoff quote and short sale and was available on the subject property  While they claimed that someone would be in contact with RAFAEL BURGOS-VAZQUEZ or myself, no one ever returned a call or stated the new payoff amount.

41.     On February 9, 2017, JOEL S WADSWORTCH, my attorney, talked to another attorney representing WASHINGTON MUTUAL, LEYZA F. BLANCO of GRAY | ROBINSON regarding a payoff. LEYZA F. BLANCO did state that she would negotiate some of the numbers after an appraisal of the property had been completed. LEYZA F. BLANCO of GRAY | GRAY | ROBINSON did state that her client would accept an amount of "around $6,000,000.00", however she refused to put it in writing. While WASHINGTON MUTUAL and LEYZA F. BLANCO of GRAY | ROBINSON promised that they would appraise the property and offer a short sale or short payoff amount, this was false again, no one contacted JUAN GOMEZ or RAFAEL BURGOS-VAZQUEZ.

42.     On April 26, 2017, RAFAEL BURGOS-VAZQUEZ called to satisfy the judgement and JPMORGAN CHASE'S representative, AARON SOBCZAK at 1-800-848-9380 refused to provide an amount due for the account.  AARON SOBCZAK mentioned that the judgment could not be satisfied, that there was limited access to the account, and transferred the call to EDWARD ADOFTOL, whom said that no information could be produced and that JPMORGAN CHASE would be in contact within 10 days.  RAFAEL and myself never received any further contact from JPMORGAN CHASE or their representatives SHAPIRO & FISHMAN & GACHE LLP, GRAY | ROBINSON and LEYZA F. BLANCO.

43.     Documents regarding these payoff amounts were received via email, fax and directly to Plaintiffs' counsel.  Several times within the last twelve (12) months, LEYZA F. BLANCO refused to respond to Plaintiffs' requests for payoff, ignored their requests for modifications and short sales and engaged in deception.

44.     Each document received established a separate violation of the FDCPA and the FCCPA.

45.     These documents were not only transmitted electronically but were also sent via U.S. Mail.  In violation of Section 1692f, which prohibits debt collectors from using "unfair or unconscionable means" to collect a debt and provides eight, nonexhaustive examples of "unfair or un-conscionable means."  Specifically, § 1692f(6) prohibits threatening dispossession of property when dispossession cannot legally be effected.

46.     Therefore these Defendants have actual knowledge and willingly violated the FDCPA and the FCCPA by providing conflicting payoff amounts, adding illegal amounts to the balance and engaging in deception and abuse against both Plaintiffs'.

47.     These amounts conflicted significantly with amounts alleged due in the past and are/ were confusing to the least sophisticated consumer.

48.     These amounts do not account for the predatory fees added to judgment which JUAN GOMEZ requires returned.

49.     The Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. Specifically, "[t]he FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." *Acosta v. Campbell*, 309 Fed. App'x 315, 319 (11th Cir. 2009) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f.)

50.     Plaintiff alleges therefore that WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have violated several provisions of the FDCPA and the FCCPA.

51.     As such, had DONALD S. CHIN LOY not fraudulently appraised the property, and/or JUAN GOMEZ purchase of the subject property, would not have exercised their artificially low "credit bid" and obtained titled to the property at an exceedingly low amount.

52.     As a result of the fraudulent appraisal, JUAN GOMEZ's purchase was bound to fail.

53.     Through information and belief, the plaintiff must therefore ask for a full accounting of the amounts owed and believes that the defendants have conspired to collect inflated and illegal amounts. Plaintiff intends to propound discovery to prove illegal amounts are being collected.

54.     This discrepancy is unfair, deceptive and egregious and the plaintiff's has received one or more communications and no lawful accounting.  The difference of the amount stated on the

telephone directly contradicts amounts alleged owed by SHAPIRO & FISHMAN & GACHE LLP and JP MORGAN CHASE, N.A. judgment.

55.    The amount alleged owed in state court is more than three (3) times the amount actually owed and the defendants are currently engaged in the collection of this judgment.

56.    Defendants SHAPIRO & FISHMAN & GACHE LLP and JP MORGAN CHASE, N.A. and their agents, willfully, intentionally and with malice, precluded plaintiff's valid efforts to ascertain vital payoff information and have provided different payoff amounts over the last twelve (12) months.  The omission of the correct amount owed in unlawful.

57.    The defendants SHAPIRO & FISHMAN & GACHE LLP and JP MORGAN CHASE, N.A. have deprived the plaintiff of the possibility of resolving the dispute timely and efficiently, but equally causing plaintiff significant harm, frustration, stress, sleepless nights and lingering damage to credit and loss of the opportunity to sell or otherwise payoff the actual amount due. The plaintiff has made the property available for sale to one or more individuals and is in doubt as to the amounts actually owed.

58.    Defendant SHAPIRO & FISHMAN & GACHE LLP, DONALD S. CHIN LOY and JP MORGAN CHASE, N.A. have repeatedly ignored the plaintiff's attempt at ascertaining a valid payoff and instead have scheduled an auction within the last twelve (12) months to take title away from the plaintiff.  Plaintiff reserves the right to amend the complaint to add additional defendants DONALD S. CHIN LOY.

59.    By failing to provide proper documentation regarding true amount owed and refusing to properly account to the plaintiff for amounts owed, they have concealed information from the plaintiff causing severe hardship, embarrassment and great degradation upon plaintiff for their enrichment.

60.    Plaintiff has never been personally served with any process or documents by Defendants.  No documentation exists that Defendant engaged in any property inspection or valuation of the Property after it began servicing Plaintiff's note and mortgage account and plaintiff is not in possession of a payoff after years of inquiry.

61.    Defendants have not offset any amounts alleged to be due by subtracting the proceeds alleged owed and the actual judgment.

62.    Defendants continue to attempt to take plaintiff's property based on improper verification, inflated amounts and lack of verification.   The defendants have consistently misstated the proper amounts owed.

63.    The acts and omissions of the defendants as more fully stated above are done in an effort to coerce the plaintiff to pay more than the amounts owed.

64.    Defendants' acts as described above were done with maliciously, intentional, willful, reckless, wanton and negligently with total disregard for plaintiff's rights under the law.


**APPRAISAL FRAUD**

65.    Between June 20, 2015 and December 1, 2017, Plaintiffs JUAN GOMEZ and RAFAEL BURGOS-VAZQUEZ spoke with several realtors and real estate professional and subsequently discovered, that they over paid for the property.

66.    While neither JUAN GOMEZ and RAFAEL BURGOS-VAZQUEZ are real estate experts, through a diligent search and analysis of the property, they uncovered that JUAN GOMEZ is a victim of appraisal fraud.

67.    Through information and belief, Plaintiff must allege that the subject property note and mortgage were not only predatory, but the subject property was not worth $10,000,000.00 in

2006, when purchased.  In fact, there are no comparable to the property in Hollywood or Boca Raton to justify such a high price.  Through information and belief, Plaintiff must allege that the appraiser must have gone exceedingly outside a two (2) mile threshold to inflate the value of the subject property to $10,000,000.00.

68.     A such, on or about June 22, 2007, Plaintiff JUAN GOMEZ was overcharged at least $3,000,000.00 for the subject property, not including a $300,000.00 undisclosed yield spread premium when he purchased 900 S Northlake Drive, Hollywood, Florida, 33019.

69.     Plaintiffs alleges that an DONALD S. CHIN LOY was selected from WAMU's "selected list" to inflate the value of the subject property to provide Plaintiff JUAN GOMEZ with a loan that could be sold to the secondary market, allowing WAMU to charge excess fess and bill same to JUAN GOMEZ.

70.     Plaintiff did pay three-thousand, five-hundred dollars ($3,500.00) for the appraisal directly or indirectly to DONALD S. CHIN LOY.

71.     The DONALD S. CHIN LOY is/was licensed Certified General Appraiser in Florida.

72.     The DONALD S. CHIN LOY was secured to appraise the subject property located at 900 S Northlake Drive, Hollywood, Florida, 33019

73.     WAMU used the Appraisal Report to assist in financing a purchase of the subject property.

74.     It is impossible that the appraiser could have surmised the value of the subject property at $10,000,000.00.

75.     As a consequence, WAMU entered in a Mortgage and Promissory Note with JUAN GOMEZ  borrower purchasing the subject property in the amount of $10,000,000.00.

76.     As relevant here, a "federally related transaction" means "any real estate-related financial transaction which . . . requires the services of an appraiser" (12 USC § 3350 [4] [B]).

77.     JUAN GOMEZ detrimentally relied upon the appraisal report when he purchased the subject property.

78.     Plaintiff JUAN GOMEZ did not discover the appraisal fraud until his representative RALPH BURGOS-VAZQUEZ spoke with several brokers, realtors and attorneys regarding the possible sale of the property June 20, 2015 and December 1, 2017.

79.     Most of the real estate professional pointed out to the fact that they believed that JUAN GOMEZ severally overpaid for the property and that no person would knowingly pay $10,000,000.00 for the property in 2007.

80.     In fact **no person would willingly** pay $10,000,000 even today for the property.

81.     These allegations are consistent with the fact that even WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK, N.A., were only able to receive $1,800,000.00 for the property at auction.

82.     Plaintiffs JUAN GOMEZ and RALPH BURGHOS VASQUEZ have attempted several times to sell the property over the years and all buyers have insisted that the property was overpriced.

83.     Consequently, DONALD S. CHIN LOY the appraiser breached various standards and statutes governing the appraisal practice, including the Uniform Standards of Professional Appraisal Practice, the Freddie-Mac Single-Family Seller Servicer Guide, C.F.R. § 564.4(a) and Section 1110 of the Financial Institutions Reform, Recovery, and Enforcement Act.

84.     Specifically, the DONALD S. CHIN LOY provided a deceptive and fraudulent Appraisal Report which knowingly overstated the value of the subject property such that its

market value was actually considerably less than the appraised value it provided JUAN GOMEZ and WAMU.

85.     JUAN GOMEZ would not have knowingly proceeded with the purchase or if DONALD S. CHIN LOY has had accurately appraised the subject property.

86.     At all times WAMU insisted that they select an appraiser of their choosing.  At not time did JUAN GOMEZ have a choice in the selection of a fair appraisal of the subject property.

87.     As a proximate result of the DONALD S. CHIN LOY appraisal, JUAN GOMEZ sustained damage as a result of the subject Appraisal Report in the amount of at least $9,100,000.00, or the balance remaining on the Note and Mortgage after the transfer of title to WAMU's or their assignee.

88.     Under the circumstances, it was reasonable that JUAN GOMEZ would rely on WAMU and DONALD S. CHIN LOY's representation as to the inflated fees charges, causing an excessive judgment upon JUAN GOMEZ when the property was foreclosed.

89.     To this day, there are no comparable that justify a $10,000,000.00 loan to Plaintiff.

90.     DONALD S. CHIN LOY' duty of care extended specifically to the JUAN GOMEZ because the defendants knew ... that the Appraisal ... would be used by Lender for the ... purpose of the Loan.

91.     The defendants' failure to comply with USPAP constitutes a breach of a duty to the plaintiff.

92.     DONALD S. CHIN LOY, hired and at all times directed by WAMU, prepared an appraisal that inflated the property's value by more than $3,000,000.00.

93.     The inflated figure resulted from the DONALD S. CHIN LOY's failure or refusal to choose appropriate comparables and failure to disclose the comparables' past transfer histories.

94.     Both actions were violations of USPAP. As a result, WAMU approved a loan transaction it would not have otherwise approved, causing damages to JUAN GOMEZ as to the value of the loan.

95.     As a consequence, JUAN GOMEZ is charged with a fraudulently derived judgment against him in excess of $10,900,000.00.

96.     JUAN GOMEZ is entitled to a refund of any appraisal fees.  An appraisal free should not have been charged or paid by JUAN GOMEZ  when and to whom this alleged appraisal fee was paid engaged in fraud against Plaintiff JUAN GOMEZ.

97.     As indicated above, one of the mortgage schemes engaged in by WAMU was the false inflation of home values by unscrupulous appraisers that it retained.  During relevant times here, The City Of Hollywood assessed the market value of The JUAN GOMEZ property home and land at about at less than $7,537,310.00 as of January 1, 2017.

98.      The appraiser, retained by WAMU, appraised The JUAN GOMEZ property home at $10,000,000.00, or about twice its assessed value.

99.     This enabled WAMU to provide JUAN GOMEZ a mortgage loan in the amount of $10,000,000.00, an amount it knew, or recklessly disregarded, JUAN GOMEZ could not afford.

100.      WAMU intentionally, or recklessly, disregarded the deceptive acts as set forth above, and others.

101.     WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK, N.A., DONALD S. CHIN LOY and SHAPIRO & FISHMAN & GACHE LLP which would have, or should have, placed it on notice of the false information used to determine whether to make a loan to JUAN GOMEZ.

102.    No properties in the city of Hollywood were valued at $10,000,000.00 at the time of the appraisal was consummated.

103.    In addition, WAMU, aided and abetted its' appraisers wrongdoing by paying appraisers that willingly provided values demanded by WAMU tens of thousands of dollars or more to secure loans based on fraudulent documents obtained from fraudulent appraisals.

104.    JUAN GOMEZ and other property owners, which required such property owners to attempt to make monthly payments that they could not afford them.

105.    Therefore, WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK, N.A., SHAPIRO & FISHMAN & GACHE LLP  and any assignee for WAMU, is liable for substantial damages as a result of WAMU's wrongful conduct, and other liability, and should be estopped, at a minimum, from asserting claims for principal, interest or other charges derived from the fraudulent acts alleged herein.

106.    All the acts alleged would be deceptive, unfair, abusive and oppressive to least sophisticated consumer.

107.    WAMU an its' successors turned a blind eye to all of the facts stated herein.  These Defendants have superior knowledge of finance and legalese and understand the real value of the subject property and the fraudulent comparables.

108.    While Plaintiff was never provided a copy of the appraisal at closing, WAMU and its' assigns are aware of the all of the aforementioned and despite that, took continued in knowingly to engage in deception against JUAN GOMEZ and collected fraudulently derived fees.

109.    The foreclosure judgment which resulted in title being provided to WASHINGTON MUTUAL BANK was inflated and was a result of the DONALD S. CHIN LOY fraudulent appraisal valuation of the subject property.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

110.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1-64.

111.    Plaintiff admits that he is among the "least sophisticated consumers".

112.    As more particularly described above, Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant has engaged in false representation of the character, amount or legal status of a debt, in contravention of 15 U.S.C. §1692e(2). Specifically, Defendant has failed to offset any amounts alleged to be due by subtracting the proceeds received from the foreclosure judgment amount and refusing to provide the exact amount owed, if any.

113.    Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have further violated the FDCPA by threatening to take an action that cannot be legally taken or that is not intended to be taken in contravention of 15 U.S.C. §1692e(5).

114.    On numerous occasions by mail and by phone, Defendant threatened foreclosure as a potential remedy it could pursue if Plaintiff was deemed in a default of her obligations, despite not having an accurate accounting of the amounts owed.

115.    Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have attempted to impose illegal charges and has inflated the amount due.

116.    As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff

has been damaged.  The damages of Plaintiff include but are not necessarily limited to mental

pain and shock, suffering, confusion, aggravation, humiliation and embarrassment.

117.    Plaintiff is entitled to reasonable attorney's fee.

118.    Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together

with additional statutory damages and actual damages, together with court costs and reasonable

attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant WASHINGTON

MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO &

FISHMAN & GACHE LLP for actual damages, statutory damages, together with interest, costs

and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice

may require.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

119.    Plaintiff repeats, reallages and incorporates by reference paragraphs 1-64.

120.    Plaintiff admits that he is among the "least sophisticated consumers".

121.    As more particularly described above, Defendants WASHINGTON MUTUAL BANK,

JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE

LLP through its agents, representatives and/or employees acting within the scope of their

authority, has violated the FDCPA in that Defendant has engaged in false representation of the

character, amount or legal status of a debt, in contravention of 15 U.S.C. §1692f(1).

Specifically, Defendant has failed to offset any amounts alleged to be due by subtracting the

proceeds received from the foreclosure judgment amount and refusing to provide the exact amount owed, if any.

122.     On numerous occasions by mail and by phone, Defendant threatened foreclosure as a potential remedy it could pursue if Plaintiff was deemed in a default of her obligations, despite not having an accurate accounting of the amounts owed.

123.     Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have further violated the FDCPA by engaging in an unfair practice in an attempt to collect a debt by attempting to collect fees and illegal amounts added to the balance not expressly authorized by the agreement creating the debt or permitted by law, in contravention of 15 U.S.C. §1692f(1).

124.     Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have attempted to impose illegal charges and has inflated the amount due.

125.     Such fees and additional amounts, aside from violating 15 U.S.C. §1692e(2), also violate §1692f(1) because such fees were neither authorized by the agreement creating the debt nor permitted by law.

126.     As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged.  The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, confusion, aggravation, humiliation and embarrassment.

127.     Plaintiff is entitled to reasonable attorney's fee.

128.     Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages and actual damages, together with court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP for actual damages, statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

129.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1-64.

130.    As more particularly described above, Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant asserted the existence of a legal right when Defendant knew or should have known that the right did not exist, in contravention of Florida Statutes §559.72(9).

131.    Specifically, on numerous occasions by mail and by phone, Defendant WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP provided inflated amounts or amounts that directly conflict with their judgment collection actions despite conflicting amounts.

132.    Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP could not take legal action to foreclose on the Property at more than three (3) times the amount actually owed.

133.    Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP further violated the FCCPA by

willfully and with malice engaging in conduct which could reasonably be expected to abuse or harass a debtor, in contravention of Florida Statutes §559.72(7).

134.     Specifically, Defendants WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP have all contacted Plaintiff numerous times over the course of one year in an attempt to collect inflated amounts of a note and mortgage debt.

135.     As a direct and proximate result of the violation of the FCCPA by Defendants Plaintiff has been damaged.  The damages of Plaintiff include by are not necessarily limited to mental pain and shock, suffering, confusion, aggravation, humiliation and embarrassment.

136.     As a result of the above violations of the FCCPA, pursuant to Florida Statutes §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to §1,000 per violation, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for WASHINGTON MUTUAL BANK, JP MORGAN CHASE, N.A., LEYZA F. BLANCO and SHAPIRO & FISHMAN & GACHE LLP for actual damages, statutory damages of up to $1,000 per violation, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## COUNT IV
## APPRAISAL FRAUD

137.     Plaintiff restates and realleges the allegations continued in paragraphs 65-109 above, as if fully set forth herein.

138.     In negotiating for the sale of the property, Defendant WAMU insisted that an appraiser of is choice be used in determining the value of "the property".

139.    WAMU relied upon the appraisal in making a representation to JUAN GOMEZ that the property was worth $10,000,000.00 when it was not.

140.    The appraisal value was false, as was WAMU's representation that it was the true value of the property, because the property was in fact worth significantly less than $10,000,000.00 at the time JUAN GOMEZ paid for the property.

141.    The representation by WAMU and the DONALD S. CHIN LOY that the property was worth $10,000,000.00 was material in that it induced JUAN GOMEZ to enter into a loan for that amount, rather than the true value of the property.

142.    WAMU and DONALD S. CHIN LOY knew, or should have known, that the appraised value fo the property was much lower that the value presented to JUAN GOMEZ.

143.    DONALD S. CHIN LOY and WAMU intended that the representations as to the $10,000,000.00 value of the property would be relied upon y JUAN GOMEZ, and that in reliance thereupon, JUAN GOMEZ would be induced into a loan agreement for that amount. The deception was successful.

144.    JUAN GOMEZ was ignorant as to the misrepresented amount, as JUAN GOMEZ is not a real estate expert, and was unable to hire his own appraiser of have an outside appraisal conducted on the property.

145.    Under the circumstances, it was reasonable that JUAN GOMEZ would rely on WAMU and DONALD S. CHIN LOY's representation as to the value of the subject property, causing an excessive judgment upon JUAN GOMEZ when the property was foreclosed.

        WHEREFORE, for the foregoing reasons, JUAN GOMEZ respectfully requests that his court enter a judgment in favor and against DONALD S. CHIN LOY, and WAMU's assignee, for fraud, determining that the amount of the appraisal was wrongful, an award against WAMU

and DONALD S. CHIN LOY for actual damages, resulting from DONALD S. CHIN LOY'

fraudulent appraisal of the property, his costs incurred herein, and such further and additional

relief as this Court deems just and proper.

### COUNT V
### PROFESSIONAL NEGLIGENCE

146.    Plaintiff restates and realleges the allegations contained in paragraphs 65-109.

147.    Defendant owed JUAN GOMEZ a duty of care in preparing the appraisal in the

property, or in having such appraisal prepared by its agent.

148.    Defendant DONALD S. CHIN LOY breached such duty in preparing, or having

prepared, an appraisal which was much higher that the true market value of the subject property.

149.    DONALD S. CHIN LOY's breach of that duty caused inury to JUAN GOMEZ in that

GOMEZ was forced to enter into a promissory note for a much higher amount than was the true

market value of the subject property.

150.    As a result of DONALD S. CHIN LOY's appraisal, JUAN GOMEZ has been injured in

one of more of the following ways:

  a) Default on the inflated amount caused an inflated judgment against JUAN GOMEZ
     foreclosure sale of the subject property;
  b) As a result of the foreclosure sale, a $10,900,000.00 judgment was entered against JUAN
     GOMEZ for an amount much higher than it should have been, had the appraisal
     conducted properly;
  c) As a result of a judgment and the foreclosure sale, GOMEZ is now required to satisfy this
     inflated $10,900,000.00 judgment.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court

enter a judgment in his favor and against Defendant DONALD S. CHIN LOY for Professional

Negligence, award Plaintiff his actual damages, as well as his costs incurred herein, and for such

further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this June 6, 2017.

JUAN GOMEZ
P.O. BOX 22187
HOLLYWOOD, FLORIDA 33022

RAFAEL BURGHOS- VAZQUEZ
P.O. BOX 22187
HOLLYWOOD, FLORIDA 33022