UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 17-cv-60690-WPD

JUAN M. GOMEZ and RAFAEL BURGOS-
VAZQUEZ TRUSTEE OF THE REMIC TRUST,
    Plaintiffs,
v.

SHAPIRO & FISHMAN & GACHE LLP, *et al.*

    Defendants.
_____/

### DEFENDANT, SHAPIRO, FISHMAN & GACHE, LLP'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

Defendant, Shapiro, Fishman & Gaché LLP ("SFG"), pursuant to Federal Rules of Civil Procedure 8, 10(a), and 12(b)(1), (2), (4), and (6), respectfully moves this court to dismiss Plaintiffs, Juan M. Gomez ("Plaintiff" or "Gomez")[1] and Rafael Burgos-Vazquez Trustee of the Remic Trust's (collectively "Plaintiffs) amended complaint with prejudice (DE 22) and enter an order requiring Plaintiffs obtain leave of court before filing any future lawsuits related to the state court foreclosure judgment and litigation described below, for the following reasons.

### INTRODUCTION

Enough is enough. Plaintiffs have yet again filed the instant case in an effort to attack a state court final judgment of foreclosure ***entered nearly nine years ago*** (and to harass the foreclosure plaintiff and counsel associated with the foreclosure suit). *See* SFG Exhibits A (final

---

[1] Mr. Burgos-Vazquez, proceeding *pro se*, is attempting to represent a trust in this action. However, under 28 U.S.C. § 1654, which allows parties to appear in pro per, but only when representing themselves alone, Mr. Burgos-Vazquez is not representing himself but a purported trust in this action and therefore should not be allowed to proceed. Moreover, the Eleventh Circuit requires that all entities must be represented by counsel in matters before this court. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985) (it is a well-settled principal of law that a corporation cannot appear pro se and must be represented by counsel). Further, he lacks standing as he is only mentioned in the amended complaint as Gomez' "personal representative" who made some telephone calls for Gomez and had nothing to do with the mortgage loan foreclosed nearly ten years ago.

judgment of foreclosure) and B (state court docket).[2] The amended complaint is improper and subject to dismissal for several reasons. While the allegations in the amended complaint are formulaic, shotgun, vague and difficult to decipher, Plaintiffs' purported claims are in actuality their "umpteenth" thinly-veiled attempt to collaterally attack a state court foreclosure judgment obtained by JPMorgan Chase Bank, N.A. ("Chase") nearly nine years ago.  This court has repeatedly rejected Gomez' attempts to avoid the effects, in this court, of the properly entered state court foreclosure judgment for among other things, lack of jurisdiction under the *Rooker-Feldman* Doctrine.

## HISTORY OF VEXATIOUS LITIGATION

The following is a portion of the history of Plaintiffs' vexatious litigation more fully detailed in Defendants, Gray Robinson and Leyza F. Blanco's, motion to dismiss plaintiffs' complaint [DE 16, pp. 2-10].  The sole purpose of this abusive litigation is to attack a 2009 state court foreclosure judgment and avoid its effects, e.g., foreclosure sale, certificate of title, and ultimately service of a writ of possession for eviction from the property Gomez pledged as security for the subject mortgage loan (merged with the 2009 final judgment).

1. *Juan M. Gomez v. JPMorgan Chase Bank, N.A., as successor to Washington Mutual Bank*, Seventeenth Judicial Circuit of Florida, Case No. CACE-12-004759 (separate state-court action filed by Gomez on February 12, 2012, against Chase in an effort to launch an impermissible collateral attack on the Foreclosure Judgment. On February 20, 2015, less than three months after Plaintiff filed the instant action, he voluntarily dismissed the Quiet Title Action after

---

[2] SFG respectfully requests that this court take judicial notice of the exhibits to its Motion.  At the motion to dismiss stage of the proceedings, a court may take judicial notice of public records that are "not subject to reasonable dispute" and readily determinable to be accurate. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (citing Fed. R. Evid. 201(b)). A court may take judicial notice of certain facts not contained in the pleadings without converting a motion to dismiss into a motion for summary judgment. *See Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

the court in the Quiet Title Action dismissed his Third Amended Complaint.). SFG Exhibit C.

2. *Gomez v. JPMorgan Chase Bank, N.A*., Case No. 12-cv-61185-KMW (USDC SD Fla. 6/3/2012) (Gomez' unsuccessful attempt to remove the state court foreclosure suit four years after the entry of final judgment and to include his own complaint within the removal documents). *See* SFG Exhibit D.

3. *Gomez v. Fishman, Bollman et al*, Case No. 14-cv-62632-JIC (USDC SD Fla. 11/16/2014) (dismissed on April 30, 2015 for lack of jurisdiction). SFG Exhibit E.

4. *In re: Juan M. Gomez*, Case No. 14-36329-BKC-RBR, (USBKC SD Fla.) (on December 15, 2014, court dismissed chapter 13 case with prejudice with prohibition from filing a bankruptcy petition in any Bankruptcy Court in the United States of America for two (2) years.). SFG Exhibit F.

5. *JPMorgan Chase Bank National Association v. Rafael Burgos Vasquez and Juan M. Gomez*, Case No. 16-cv-62401-BB (USDC SD Fla. 10/10/2016) (another unsuccessful attempt by Gomez to remove the state court foreclosure suit). SFG Exhibit G.

6. *Juan Gomez, Mortgagor, and Dharma Foundation, Inc., as Trustee, for Dharma Land Trust ["by and through Rafael Burgos Vasquez as pro se] v. Federal Deposit Insurance Corporation, JPMorgan Chase Bank, N.A. and The Law Offices of Shapiro, Fishman & Gache, LLP*, Case No. 16-cv-81848-KAM (USDC SD Fla. 11/7/2016) (67-page complaint alleging, among other things, consumer protection act violations; dismissed on March 30, 2017) (USDC SD Fla.), SFG Exhibits H (complaint) and I (docket).

7. *In re: Juan M. Gomez*, Case No. 17-11733-BKC-JKO (USBC SD Fla. 2/13/12017) (dismissed with two-year prejudice on April 5, 2017). SFG Exhibit J.

**ARGUMENT**

I.     **PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE**

The amended complaint consists of a jumble of incomprehensible allegations, which are nearly impossible to decipher. However, from what SFG can glean from the poorly drafted pleading, Gomez is attempting to invalidate the Foreclosure Judgment under the guise of FDCPA and FCCPA claims. Plaintiff essentially asserts that any communications about the Foreclosure Judgment amount – over $10 million – being due must necessarily be false and improper under the FDCPA and the FCCPA. As such, Plaintiff is, in reality, attempting to challenge the Foreclosure Judgment – something he cannot do in this action. Accordingly, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "*Rooker-Feldman* is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Severe v. Shapiro, Fishman & Gache, LLP*, No. 14-CIV-80345, 2014 WL 5341886, at *3 (S.D. Fla. Oct. 6, 2014). In assessing whether a claim is barred by this doctrine, courts engage in a two-part analysis: "first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." *Id.* (citing *Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Chipman v. US Bank,*

4

*N.A.*, No. 2:10-cv-483-FtM-29SPC, 2012 WL 1093144, at *3 (M.D. Fla. April 2, 2012).

"Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking, in reality, to challenge state-court foreclosure judgments." *Blum v. Glen Garron, LLC*, No. 9:14-CV-80858, 2014 WL 5013745, at *1 (S.D. Fla. Oct. 1, 2014); *see also Severe,* 2014 WL 5341886, at *3 (dismissing FDCPA and FCCPA claims brought by borrower based on alleged improper foreclosure judgment); *Chipman*, 2012 WL 1093144, at *3 (dismissing TILA and RESPA claims brought by borrower based on alleged improper foreclosure judgment). In *Blum*, the plaintiff borrower brought suit against numerous companies who participated in a state court foreclosure action against him under the guise of claims under the FDCPA and the FCCPA. *Blum,* 2014 WL 5013745, at *1. According to the plaintiff, the judgment of foreclosure was improper. While the plaintiff sought only monetary damages, the court dismissed his claims **with prejudice** noting that if the plaintiff prevailed "it would necessarily follow that the state court foreclosure was in error." *Id*. Similarly, the plaintiff borrower in *Severe* brought suit against his lender and its counsel under the FDCPA and FCCPA after his lender obtained a final judgment of foreclosure against him. The court dismissed his claims stating that the action was "essentially a broad base attack on the Circuit Court's final judgment and an attempt to re-litigate the Foreclosure Action." *Severe* 2014 WL 5341886, at *4. This is *precisely* the situation presented by the instant action.

    A. **The State Action has concluded.**

As discussed above, the first step in assessing whether the *Rooker-Feldman* Doctrine applies to Plaintiff's claims is to determine whether the State Action has concluded. The Foreclosure Judgment was entered in the State Action on January 5, 2009, **nearly nine years before Plaintiff filed the instant case**. Plaintiff has exhausted all legitimate means to attempt to vacate the Foreclosure Judgment, and the last remaining issue in the State Action is to sell the property at

a foreclosure sale. *See Severe,* 2014 WL 5341886, at *3 (applying *Rooker-Feldman* Doctrine analysis and noting that state court foreclosure action had concluded where last remaining issue was to sell property at foreclosure sale). Accordingly, the State Action has concluded for purposes of the *Rooker-Feldman* Doctrine.

### B. Plaintiff's claims are inextricably intertwined with the final Foreclosure Judgment.

The next step is to determine whether Plaintiff's claims are "inextricably intertwined" with the Foreclosure Judgment in the State Action. Plaintiff seems to allege that he believes that the amount of the Foreclosure Judgment far exceeds the outstanding balance of the loan. According to Plaintiff, any attempt to collect the full amount of the Foreclosure Judgment violates the FDCPA and FCCPA.

Just like the plaintiffs in *Blum* and *Severe*, however, Plaintiff asks this Court to revisit the findings made in the Foreclosure Judgment in the State Action (again)—namely, the amount due and owing on the mortgage. If Plaintiff would prevail on his claims, "it would necessarily follow that the state court foreclosure was in error." *Blum,* 2014 WL 5013745, at *1. If Plaintiff wished to contest the amount due under the mortgage, he had every opportunity to do so in the State Action. He cannot now, ***nine years after the entry of the Foreclosure Judgment*** (and six years after he filed his Quiet Title Action), demand that this Court revisit the findings made in the Foreclosure Judgment. This is exactly what the *Rooker-Feldman* Doctrine is designed to prevent. Therefore, Plaintiff's claims are inextricably intertwined with the Foreclosure Judgment and, just like in *Blum* and *Severe*, must be dismissed - *again*. Amendment would be futile.

### II. SFG ADOPTS THE ARGUMENTS AND BASIS FOR DISMISSAL SET FORTH BY CO-DEFENDANTS, GRAY ROBINSON AND LEYZA F. BLANCO'S, MOTION TO DISMISS THE AMENDED COMPLAINT

SFG adopts and joins the arguments and reasons for dismissal of the amended complaint

that will be set forth by Defendants Gray Robinson and Leyza F. Blanco.

### III. PLAINTIFFS SHOULD BE REQUIRED TO OBTAIN LEAVE OF COURT BEFORE FILING ANY FUTURE LAWSUITS RELATED TO THE STATE COURT FORECLOSURE JUDGMENT AND LITIGATION

The record makes clear that Plaintiffs have advanced groundless and patently frivolous litigation for over seven years solely to harass the foreclosure plaintiff and any law firms or attorneys associated with the foreclosure suit to prevent the effects of a 2009 state court foreclosure judgment. Under the egregious circumstances presented here, Plaintiffs should be required to obtain leave of court before filing any future lawsuits related to the state court foreclosure judgment and litigation. There is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc*., 141 F.3d 264, 269 (6th Cir.1998).

### IV. CONCLUSION

SFG respectfully requests that this court dismiss the amended complaint with prejudice, enter an order requiring Plaintiffs obtain leave of court before filing any future lawsuits related to the state court foreclosure judgment and litigation, and for such other relief as this court deems necessary and proper.

Respectfully submitted,

SHAPIRO, FISHMAN & GACHÉ, LLP
Counsel for SFG
2424 North Federal Highway, Suite 360
Boca Raton, FL  33431
561-998-6700

By: /s/ Ileen J. Cantor, Esq.
    Ileen J. Cantor, Esq.
    Florida Bar No. 977128
    icantor@logs.com
    Ronald M. Gaché, Esq.
    Florida Bar No. 699306
    rgache@logs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 7th day of June, 2017 by U.S. mail to Plaintiffs, PO Box 221967, Hollywood, FL 33022 and by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

/s/     Ileen J. Cantor
ILEEN J. CANTOR